S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**ETHAN D. KNIGHT**, OSB #99298
**CHARLES F. GORDER, JR.**, OSB #91287
Assistant United States Attorneys
ethan.knight@usdoj.gov
charles.gorder@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:12-CR-00659-MO |
| **v.** | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL** |
| **REAZ QADIR KHAN,** | **NOTICE OF SEARCHES & SEIZURES AND PURPORTED LEGAL AUTHORITY** |
| Defendant. | **FOR SEARCHES & SEIZURES** |

The United States of America, by S. Amanda Marshall, United States Attorney for the

District of Oregon, and through Ethan D. Knight and Charles F. Gorder, Jr., Assistant United

States Attorneys, hereby responds to defendant's Motion to Compel Notice of Searches &

Seizures and Purported Legal Authority for Searches & Seizures, ECF No. 94.

## I.    INTRODUCTION

On December 27, 2012, the grand jury returned an Indictment charging defendant Reaz

Khan with Conspiracy to Provide Material Support to Terrorists, in violation of Title 18, United

States Code, Section 2339A.  (ECF No. 1)  Defendant Khan was arraigned on the Indictment on

March 5, 2013.  (ECF No. 6).  Since that time, as counsel for the defendant acknowledges, the

government has provided the defense with voluminous discovery, including over 37,000 pages of

reports and other documents and over 60 declassified recorded phone calls.  As defense counsel

also acknowledges, this discovery material reveals that the government used a number of

traditional law enforcement techniques to investigate this case, including a Rule 41 criminal

search warrant, grand jury subpoenas, interviews of various persons, including the defendant,

and physical surveillance.  The discovery also reveals that some of the information was collected

by the service on third parties of National Security Letters calling for the production of certain

business records.  In addition, pursuant to statute the government filed two Notices that

information was obtained or derived from the acquisition of foreign intelligence information

conducted pursuant to specific provisions of the Foreign Intelligence Surveillance Act of 1978,

as amended (hereinafter "FISA"), namely 50 U.S.C. §§ 1801-1806, 1821-1829, and 1881a.  (*See*

ECF No. 7 and ECF No. 59).[1]

      Speculating about so-called "knowns," "known unknowns," and "unknown unknowns"

concerning all matter of alleged or possible authorities for the government to collect information

in the past decade, the defendant has now filed a Motion requesting orders that (1) the

government disclose each search or seizure conducted in this investigation, (2) connect each

piece of evidence to a particular search or seizure, and (3) provide the lawful authority for such

search or seizure.  Because the government has already provided the defendant with sufficient

---

[1] Information about the type, nature, and duration of the collection of foreign intelligence information pursuant to FISA relevant to this prosecution is classified.  Nothing herein should be read to confirm or deny defendant's speculations about such collection.

**Government's Response to Defendant's Motion to Compel Notice of Searches &**     **Page 2**
**Seizures and Purported Legal Authority for Searches & Seizures**

information and notice to file any necessary motions to suppress, because there is no legal

authority to require the government to compile a spreadsheet or list connecting individual pieces

of evidence to particular authority to collect such evidence beyond what is clear on its face from

the discovery material, and because the underlying facts and the basis for any electronic

surveillance and/or physical searches conducted pursuant to FISA remains classified, this Motion

should be denied.

## II.    ARGUMENT

### A.    The Government Has Provided Sufficient Notice to Defendant

Notice concerning the government's intent to use evidence in a criminal case is generally

governed by Rules 12 and 16 of the Federal Rules of Criminal Procedure.  The government has

provided its discovery material pursuant to Rule 16.  Rule 12(b)(4)(B) provides in relevant part:

> [T]he defendant may, in order to have an opportunity to move to
> suppress evidence under Rule 12(b)(3)(C), request notice of the
> government's intent to use (in its evidence-in-chief at trial) any
> evidence that the defendant may be entitled to discover under Rule
> 16.

The purpose of this rule is to "provide the defendant with sufficient information to file the

necessary suppression motions."  *United States v. Lujan*, 530 F. Supp. 2d 1224, 1246 (D.N.M.

2008), *quoted in United States v. Ishak*, 277 F.R.D. 156, 158 (E.D. Va. 2011).  As noted by U.S.

District Judge Ellis:

> Thus, the government's obligation under Rule 12(b)(4)(B) ends
> when it has made disclosures that sufficiently allow the defendants
> to make informed decisions whether to file one or more motions to
> suppress.

*Ishak*, 277 F.R.D. at 158.

**Government's Response to Defendant's Motion to Compel Notice of Searches &      Page 3
Seizures and Purported Legal Authority for Searches & Seizures**

No court has interpreted Rule 12(b)(4)(B) to require the government to do what the defense is asking in this case: to produce a list or spreadsheet linking each piece of evidence provided in discovery to the statutory or other legal authority justifying the government's collection of that information.  In a traditional criminal case, defense counsel analyzes the discovery, determines what suppression motions to make, and files them.  The government then responds.

Government counsel are not unmindful of the difficulties faced by defense counsel in this this case because they have received notice that some of the evidence contained in the discovery was obtained or derived under the authority of FISA.   From the charts set forth in pages 8 through 12 of defendant's supporting Memorandum, however, it appears that leaving FISA aside defense counsel has successfully divined from the voluminous discovery material that evidence may also have been collected pursuant to grand jury subpoena, national security letter, physical surveillance, witness interview, border search, and the like.[2]  There is nothing so unusual about such evidence that the defendant cannot file appropriate motions concerning a particularized piece of evidence should he desire.   Given the FISA Notices filed and the discovery material provided, the government has fully complied with the requirements of Rule 12.  *See, e.g.*, *United States v. MacFarlane*, 759 F. Supp. 2d 1163, 1170 (W.D. Pa. 1991) (provision of discovery which might be subject to suppression motions is sufficient).

---

[2]  In responding to potential motions to suppress, the government does not intend to rely upon the authority of the so-called Terrorist Surveillance Program, the Authorization for the Use of Military Force, or the President's Article II authority as Commander in Chief, except to the extent that any such Article II power may be relevant to the interpretation of and constitutionality of FISA.

In conversation with defense counsel in this case, government counsel have emphasized that the defense should, under the procedures outlined in FISA, file appropriate motions to suppress evidence obtained or derived from electronic surveillance and search conducted under FISA Titles I, III, and VII.  We have informed them that rulings against the government on the constitutionality of or the government's compliance with those provisions, if upheld on appeal, would be dispositive of this case.  By providing the FISA Notices, we have complied with our obligations to the Court, to counsel, and to defendant.  *Cf. United States v. Desist*, 384 F.2d 889, 897 (2d Cir. 1967), *aff'd*, 394 U.S. 244 (1969) (government commended for revealing use of electronic surveillance device and suggesting a hearing before the enactment of statutes governing electronic surveillance).  To do otherwise would go beyond what the FISA statute requires.

Defendant's citation to cases interpreting the effect on criminal discovery of the Due Process Clause does not compel a contrary result.  *United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) (regarding suppression of impeachment evidence material to a suppression hearing) and *United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993) (holding that *Brady* applies to testimony at a suppression hearing) are both inapposite since here defense counsel has the information they need to pursue their suppression remedy within the confines of the classified nature of FISA suppression litigation, as discussed further below.

### B.    FISA Does Not Require Any More Specific Notice

FISA provides that the government alert both defense counsel and the Court to the intended use of information obtained or derived under FISA collection of an aggrieved person in

a proceeding against that aggrieved person.  *See* 50 U.S.C. §§ 1806(c), 1825(d), 1845(c), and 1881e(a).  Here, appropriate Notices have been provided, ECF No. 7 and ECF No. 59.  The defendant is not entitled to more detailed notice than what he has—that is, that evidence will be used which contains "information obtained and derived from electronic surveillance and physical search conducted pursuant to" FISA (ECF No. 7), as supplemented by the notice that information was "obtained or derived from the acquisition of foreign intelligence information conducted pursuant to" FISA, "as amended, 50 U.S.C. § 1881a."[3]  (ECF No. 59).  *Cf. United States v. Abu-Jihaad*, 531 F. Supp. 2d 299, 300 (D. Conn. 2008) (discussing similar notice provided to defendant in that case).

Defendant's contention that he is entitled to more specific notice and greater disclosure is unfounded.  The text of FISA's notice provision provides for notice "that the Government intends to" use or disclose "in any trial, hearing, or other proceeding" "information obtained or derived from an electronic surveillance" of defendant.  50 U.S.C. § 1806(c).[4]  Nowhere does the statute entitle a defendant to notice of which item of evidence was obtained or derived from which authority.  And given that there is no such requirement in the rules of criminal procedure, as discussed above, there is no basis for the Court to graft an extratextual requirement onto the statutory text.

---

[3]  Defendant is thus on notice that FISA-obtained or derived evidence may be used in any hearing in this case that involves the use of substantive evidence as well as at trial.

[4]  FISA's notice requirement applies only to information that the government intends to use or disclose in a proceeding, which is, of course, a narrower category than information provided to the defense in discovery.  Thus, FISA's notice provision has no application to material that is provided in discovery but that the government does not intend to use or disclose.

Indeed, in the context of FISA collection, Congress has made a decision to allow for greater protection of information than is normally afforded, because of the need to protect sensitive national security information, including classified sources and methods. *See United States v. Belfield*, 692 F.2d 141, 148 (D.C. Cir. 1982). Congress intended that FISA "reconcile national intelligence and counterintelligence needs with constitutional principles in a way that is consistent with both national security and individual rights." S. Rep. No. 95-701, at 16 (1978), *reprinted in* 1978 U.S.C.C.A.N. 3973, 3985. As such, in recognition of "the nature of the national interest implicated in matters involving a foreign power or its agents," Congress provided for more limited disclosure than is ordinarily provided with regard to criminal evidence. *Belfield*, 692 F.2d at 148. Defendant's attempt to rewrite FISA's notice provision in a way that would mandate more disclosure than the rules of criminal procedure require should be rejected.

Defendant's argument is further refuted by the fact that Congress did provide for broader notice of FISA surveillance in certain situations, but declined to do so in the notice section applicable to defendant. *See Dean v. United States*, 556 U.S. 568, 573 (2009) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Specifically, Congress identified three scenarios where more specific notice regarding FISA surveillance was warranted. *See* 50 U.S.C. § 1825(b) (requiring notice identifying property seized, altered, or reproduced during physical search of a U.S. person's residence where the Attorney General has determined that there is no national security

interest in continued secrecy); 50 U.S.C. § 1806(j) (notice of particular information regarding surveillance required where the Attorney General approves emergency surveillance and the government does not later obtain authorization from the Foreign Intelligence Surveillance Court); 50 U.S.C. § 1825(j) (notice of particular information regarding physical search required where the Attorney General approves emergency physical search and the government does not later obtain authorization from the Foreign Intelligence Surveillance Court). Congress elected not to require such broad disclosure in the situation where a defendant is charged in a criminal proceeding. *See* 50 U.S.C. § 1806(c) (requiring only notice "that the government intends" to use or disclose FISA-obtained information).[5] Additionally, to the extent that defendant seeks to compel disclosure of additional information concerning the conduct of or predication for any electronic surveillance or physical search conducted pursuant to FISA, defendant's Motion is premature because there is no basis at this time for the Court to make the findings that FISA requires to justify such disclosure. Classified information concerning such electronic surveillance or search is presumptively not discoverable, a presumption that can be tested only after compliance with FISA's judicial review procedures.

FISA's judicial review procedures apply "whenever any motion or request is made by an aggrieved person . . . to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence of information obtained or derived from electronic surveillance" conducted pursuant to FISA. 50 U.S.C. § 1806(f).

---

[5] In addition to being inconsistent with the statutory text, defendant's position is not supported by the legislative history he cites. Indeed the legislative history relied on by defendant relates only to the timing of notice, something that is not at issue in this case, and says nothing at all about the content of notice.

**Government's Response to Defendant's Motion to Compel Notice of Searches &    Page 8
Seizures and Purported Legal Authority for Searches & Seizures**

Pursuant to these procedures, where the Attorney General certifies that "disclosure [of FISA-related materials] or an adversary hearing would harm the national security of the United States," a district court "shall, notwithstanding any other law, . . . review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted." 50 U.S.C. § 1806(f). This same procedure applies to motions related to FISA physical searches, 50 U.S.C. § 1825(g), and to motions related to Title VII collection, which is deemed to be Title I surveillance for purposes of such motions. 50 U.S.C. § 1881e(a).

Once the Attorney General files a declaration, the Court "may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order or other materials relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance."[6] 50 U.S.C. § 1806(f). Accordingly, under the statute, the Court may not disclose any portion of the materials covered by the Attorney General's certification to the defense unless and until the Court has first concluded that it is unable to make an accurate determination of the legality of the collection by

---

[6] A similar provision is applicable to physical search conducted under FISA. 50 U.S.C. § 1825(g). Title VII in general provides that upon the issuance of an order by the FISC approving a certification by the Attorney General and the Director of National Intelligence and the use of specified targeting and minimization procedures for an acquisition, the Attorney General and Director of National Intelligence may jointly authorize, for up to one year from the date of the authorization, the targeting of persons reasonably believed to be outside the United States to acquire foreign intelligence information from or with the assistance of an electronic communications service provider as defined in the statute. *See* 50 U.S.C. § 1881a. Thus, in the Title VII context, the analogous "materials relating to the surveillance" could include classified certifications, targeting procedures, minimization procedures, and/or orders relating to the pertinent Title VII collection.

**Government's Response to Defendant's Motion to Compel Notice of Searches &      Page 9
Seizures and Purported Legal Authority for Searches & Seizures**

reviewing the government's submissions (and any supplemental materials that the court may

request) *in camera* and *ex parte*. *United States v. El-Mezain*, 664 F.3d 467, 566 (5th Cir. 2011);

*United States v. Abu-Jihaad*, 630 F.3d 102, 129 (2d Cir. 2010); *United States v. Belfield*, 692

F.2d 141, 147 (D.C. Cir. 1982). If the district court is able to accurately determine the legality of

the surveillance based on its *in camera*, *ex parte* review of the materials the government submits,

then the FISA statute prohibits disclosure of any of those materials to the defense, unless

otherwise required by due process. *El-Mezain*, 664 F.3d at 566; *United States v. Duggan*, 743

F.2d 59, 78 (2d Cir. 1984).

        In the instant case, the FISA certification, as well as relevant FISA materials for *in*

*camera*, *ex parte* review, are scheduled to be submitted to the Court on December 8, 2014, in

conjunction with the government's response to defendant's motion(s) to suppress evidence

obtained or derived from electronic surveillance or physical search. (*See* ECF No. 74, at 2). At

that time, the Court will be obliged to conduct an *ex parte*, *in camera* review of the FISA

materials to determine the legality of relevant evidence. *See United States v. Daoud*, __ F.3d. __,

No. 14-1284, 2014 WL 2696734, at *2 (7th Cir. June 16, 2014). If the Court is capable of

making this determination without disclosing materials to the defense (as courts in every FISA

case to date have been), then it may not disclose the FISA materials to defendant unless required

by due process. *Id.*; *United States v. Mohamud*, No. 3:10-CR-00475-KI, 2014 WL 2866749, at

*32 (D. Or. June 24, 2014).[7] In any event, disclosure of information relating to FISA electronic

---

[7] The Ninth Circuit has found that FISA's *ex parte*, *in camera* review procedures satisfy
the Due Process clause, *United States v. Ott*, 827 F.2d 473, 476-77 (9th Cir. 1987), and other
courts have also rejected constitutional challenges to FISA's judicial review procedures. *See,*

surveillance or physical search is inappropriate at this time, as the Court has not yet been

provided with the materials necessary to conduct the statutorily required review.

C.    **18 U.S.C. § 3504 Does Not Require More Specific Notice Concerning Electronic Surveillance**

Nor does 18 U.S.C. § 3504 support defendant's claim for a more specific disclosure

concerning electronic surveillance.  That section, enacted in 1970, eight years before the

enactment of FISA, provides in relevant part:

> In any trial, hearing, or other proceeding in or before any court . . .
>
> (1) Upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act [defined elsewhere as the unlawful use of an electronic surveillance device] or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act.

Although most litigation concerning the application of Section 3504 has occurred in the

context of a grand jury witness attempting to resist questions based upon alleged unlawful

electronic surveillance, by its terms Section 3504 applies equally to trial proceedings.  Defendant

provides no authority for the proposition that when the government is required to provide notice

under Section 1806(c), this obligation triggers an additional notice requirement under 18 U.S.C.

§ 3504 or that the disclosure of FISA materials must be provided outside of FISA's statutory

scheme.  Counsel for the government is aware of no case law interpreting the effect of the

_____

*e.g.*, *El-Mezain*, 664 F.3d at 567-69 (rejecting Fifth Amendment Due Process challenge); *United States v. Damrah*, 412 F.3d 618, 624-25 (6th Cir. 2005) (rejecting Fourth and Fifth Amendment challenges); *United States v. Isa*, 923 F.2d 1300, 1306-07 (8th Cir. 1991) (rejecting Sixth Amendment challenge); *Belfield*, 692 F.2d at 148 (rejecting Fifth and Sixth Amendment challenges); *cf. United States v. Abu Ali*, 528 F.3d 210, 254 (4th Cir. 2008) (holding that there is no Sixth Amendment right to have counsel present for a classified, pretrial determination).

**Government's Response to Defendant's Motion to Compel Notice of Searches &      Page 11
Seizures and Purported Legal Authority for Searches & Seizures**

subsequent passage of FISA on the application of Section 3504 in the context of a criminal prosecution through trial.  Courts have held, however, that Section 3504 does not entitle a grand jury witness to notice of FISA surveillance.  *See, e.g.*, *In re Grand Jury Investigation*, 431 F. Supp. 2d. 584, 591-92 (E.D. Va. 2006).

A specific statutory provision normally controls over one of more general application. *Bloate v. United States*, 130 S. Ct. 1345, 1353-54 (2010); *Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991).[8]  As discussed above, within Section 1806, Congress specified the circumstances under which a district court may disclose information that forms the basis for the government's notice.  There is no basis for holding that Section 3504 trumps FISA's "later-enacted, more specific" notice provision.

Considering the rule of statutory construction that when Congress acts it is presumed to do so while aware of previously enacted statutes, one must assume that in crafting FISA, with its specific procedure concerning notice of electronic surveillance as set forth in 50 U.S.C. § 1806(c), Congress intended that the government's compliance with FISA notice provisions for electronic surveillance would discharge any obligation under Section 3504.  Moreover, by filing the Notices that evidence was obtained and derived under FISA Titles I and VII, the government has "affirmed the occurrence" of the acts for purposes of alerting the defendant to his potential motions to suppress.

---

[8]  Additionally, FISA's Section 1806 was enacted in 1978, approximately seven years after Section 3504 was adopted in 1970.  *See* Organized Crime Control Act of 1970, Pub. L. 91-452, Title VII, § 702(a), 84 Stat. 922, 935.  "Where two statutes conflict, the later-enacted, more specific provision generally governs."  *United States v. Juvenile Male*, 670 F.3d 999, 1008 (9th Cir.), *cert. denied*, 133 S. Ct. 234 (2012).

## III.    CONCLUSION

For the reasons given above, the defendant's Motion to Compel Notice of Searches and Seizures and Purported Legal Authority for Searches and Seizures, ECF No. 94, should be denied.

Dated this 11th day of August 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


*s/ Charles F. Gorder, Jr.*
ETHAN D. KNIGHT, OSB #99298
CHARLES F. GORDER, JR., OSB #91287
Assistant United States Attorneys
(503) 727-1000