Amy Baggio, OSB #01192
amy@baggiolaw.com
Baggio Law
621 SW Morrison, Suite 1025
Portland, OR 97205
Tel:    (503) 222-9830
Fax:    (503) 274-8575

John S. Ransom, OSB #742655
john@ransomblackman.com
Ransom Blackman LLP
1001 SW 5th Ave Ste 1400
Portland OR    97204
Tel:    (503) 228-0487
Fax:    (503) 227-5984

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 3:12-cr-659-MO** |
| Plaintiff, | |
| v. | **REPLY TO RESPONSE TO DEFENDANT'S MOTION TO COMPEL NOTICE OF SEARCHES & SEIZURES AND PURPORTED LEGAL AUTHORITY FOR SEARCHES & SEIZURES** |
| **REAZ QADIR KHAN,** | |
| Defendant. | |

The defendant, Reaz Qadir Khan, through counsel, hereby submits this Reply to the

Government's Response to Defendant's Motion to Compel Notice of Searches & Seizures and

**Page 1    REPLY TO RESPONSE TO DEFENDANT'S MOTION TO COMPEL NOTICE OF SEARCHES & SEIZURES AND PURPORTED LEGAL AUTHORITY FOR SEARCHES & SEIZURES**

Purported Legal Authority for Searches and Seizures (hereafter "Response" (CR-97)).  The government's "these aren't the droids you're looking for" Response warrants reply in two respects.

First, the government's dismissiveness over what it terms mere defense speculation regarding evidence collection in this case (Response at 2) is notable not only because the government itself created the void of information, but also in that the claim is flat wrong in light of the Defendant's "Known Unknowns" factual showing (Memorandum in Support at 13-14).

Moreover, because even FISA allows for defense motions to suppress *not only evidence directly obtained under FISA*, but also evidence *derived from* evidence obtained under FISA, disclosure of each of the specific purported legal authorities with which the government gathered evidence must be disclosed to allow the defendant to adequately exercise his statutory and constitutional rights.   U.S. Const. amend IV, V, VI; 50 U.S.C. § 1806(c) & (e) (right to notice & right to move to suppress illegally obtained electronic evidence or other evidence derived therefrom); 50 U.S.C. §1825(f) (same, for physical searches/seizures).  The government's paltry notice that it intends to use evidence obtained from, or derived from evidence obtained from, FISA and the FAA over the course of its multi-year investigation of Mr. Khan is the equivalent of providing notice to a financial fraud defendant that it used Title 18, Part I, Chapters 119 and 121 to acquire evidence during a five-year investigation.  To effectuate the rights guaranteed by the Constitution and FISA, the government must provide more specific notice.

Second, the government responded to Defendant's Motion to Compel Notice by stating that it utilized "traditional law enforcement techniques", National Security Letters (NSLs) (Response at 2), Foreign Intelligence Surveillance Act (FISA) subchapter I (electronic surveillance), subchapter II (physical searches) and subchapter VII/the FISA Amendments Act (FAA) (Response at 5) without

providing any further detail. The government's Response raises several issues on which it should plainly state its position for the record:

1. Mr. Khan has made clear that this Motion to Compel Notice does not include a request for disclosure of FISA/FAA orders or applications. Is the government taking the position that the statutes/rules/orders (including subsections and versions) used in a particular investigation are themselves classified information?

2. The government makes much ado in its Response over the Defendant's request to connect specific evidence collected to the purported legal authority justifying said collection.[1]   Is the government refusing to connect even just the classes of evidence collected to the purported legal authority justifying collection?   In his Memorandum in Support, Mr. Khan created a chart that outlines the known types of evidence seized by the government. Memorandum in Support, pp. 15-19 (chart delineating types of known seizures).   The government should be required, at a minimum, to provide the citation (including subsections and dates) for each of these types of seizures.   The government could provide relied-upon authority for collection of a class of communication, such as:

   **Purely Domestic Phone Calls**: EO 12333, 2.3(c) & 2.4 (2008); 50 U.S.C. §1802(a)(1) & (e)(1)(2008 & 2010)(electronic seizures without court order) & 50 U.S.C. §1804 & §1805(a)-(d)(2008)(electronic seizures with court order); 50 U.S.C. §1881a (2008)(incidental collection of domestic communications authorized under FAA).

   **Purely Domestic Email:**   50 U.S.C. §1881a (2008)(incidental collection of domestic communications seized under FAA); EO 12333, 2.3(c) & 2.4 (2008) (subsequent querying of information and sharing with other agencies).

---

[1]  Mr. Khan notes that if the government is unable or unwilling to connect evidence to search events and purported legal authority for those events, it is difficult to imagine how the defense is expected to be able to do so in the form of a motion to challenge that search or seizure.

**REPLY TO RESPONSE TO DEFENDANT'S MOTION TO COMPEL NOTICE OF SEARCHES & SEIZURES AND PURPORTED LEGAL AUTHORITY FOR SEARCHES & SEIZURES**

In the alternative, and at an absolute minimum, the government could provide a list of its legal authority without reference to even the classes of evidence, such as:

> 50 U.S.C. §1802(a)(1)(2010) (electronic surveillance of United States Person (USP) without court order);
>
> 50 U.S.C. §1805(e) (2008) (electronic surveillance of USP without court order);
>
> 50 U.S.C. §1805(a)(1)(2008, 2010) (electronic surveillance of USP with court order);
>
> 50 U.S.C. §1822(a) (2008) (physical searches/seizures of USP without court order);
>
> 50 U.S.C. §§1822(b), 1823 & 1824 (2010) (physical searches/seizures of USP with court order);
>
> 50 U.S.C. §§1881a (2008) (electronic surveillance of foreign national);
>
> 50 U.S.C. §§1881a (2008) (incidental electronic surveillance of USP collected during surveillance of non-USP);
>
> EO 12333, part 2.3 (2008) (permitting "collection, retention, and dissemination" of ten different types of information by intelligence community)
>
> EO 12333, part 2.4 (2004, 2008) (permitting electronic and physical surveillance within the United States (by the FBI only) and abroad (by intelligence community more generally) so long as undertaken in accordance with internally-established procedures)

3. The Response is notably silent as to the government's use of EO 12333, a position that prompts additional questions.

   a. Did the government use EO 12333, either directly or derivatively, in its collection of information regarding Mr. Khan?

   b. Does the government take the position that it need not disclose the fact that EO 12333 was used in the collection of information, or resulting in derivative

evidence used, in the government's case investigation of Mr. Khan?    *See* Charlie Savage, *Reagan-Era Order on Surveillances Violates Rights, Says Departing Aide*, NY TIMES (Aug. 13, 2014) (government "officials contend that defendants have no right to know if 12333 intercepts provided a tip from which investigators derived other evidence.").

    c.  If the government gathered evidence with EO 12333, what types of evidence were collected and when?

    d.  What parts and versions of EO 12333 were used?

4. The Response is also notably silent as to the government's use of FISA subchapter IV, 50 U.S.C. §1861 (also referred to as §215 of the USA PATRIOT Act).

    a.  Did the government utilize §215 in its investigation in this case, resulting in either direct evidence, or evidence derived from information gathered from its use of §215?

    b.  Does the government take the position that it need not provide notice of its use of §215 when that use resulted in evidence directly, or evidence derived from information obtained with §215?

5. Is the government refusing to disclose *when* it collected information using the various statutes/rules/orders, when such dates are relevant to the defendant's assessment of an exploitation analysis?    *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (in determining the "fruit of the poisonous tree" question, the court asks "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently

distinguishable to be purged of the primary taint.").   For example, were 2005 email communications seized in 2005 or pursuant to a retroactive records seizure in 2009?

6.  With regard to evidence not collected pursuant to FISA, is the government refusing to more specifically affirm or deny the occurrence of alleged unlawful collections of evidence derived from non-FISA sources, such as EO 12333, NSLs, etc. as required pursuant to 18 U.S.C. §3504?

7.  Is the government taking the position that FISA/FAA notice applies only to evidence it intends to use or disclose in a proceeding (Response at 6 & n. 3-4) and that the language "or derived from" in both FISA's electronic (50 U.S.C. §1806(c)) and physical 50 U.S.C. §1825(d)) search provisions has no meaning?

The defense submits that the answers to these questions are vital in vetting the requests raised in Mr. Khan's Motion to Compel Notice (CR-94).

Respectfully submitted on August 18, 2014.

 /s/ Amy Baggio
Amy Baggio, OSB #01192
503-222-9830
Of Attorneys for Defendant Reaz Khan