S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**ETHAN D. KNIGHT**, OSB #99298
**CHARLES F. GORDER, JR.**, OSB #91287
Assistant United States Attorneys
ethan.knight@usdoj.gov
charles.gorder@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:12-CR-00659-MO |
| v. | |
| REAZ QADIR KHAN, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR |
| Defendant. | A BILL OF PARTICULARS |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and through Ethan D. Knight and Charles F. Gorder, Jr., Assistant United States Attorneys, hereby responds to Defendant's Motion for a Bill of Particulars, ECF No. 110.

## I.      Introduction

Defendant requests that the Court order a bill of particulars in his case. Specifically, defendant seeks responses to seventeen separate questions, purportedly designed to elicit specific information that, presumably, is "necessary to enable the accused to prepare his defense and

avoid surprise at trial." (Def.'s Mot. 3 (citing *United States v. Inryco*, 642, F.2d 290, 295 (9th Cir. 1981))). The Indictment in defendant's case contains specific allegations and the government's discovery provides sufficient supporting evidence to prevent unfair surprise. Therefore, defendant's Motion should be denied.

## II. Argument

### A. The Indictment Contains Adequate Allegations of a Conspiracy to Provide Material Support to Terrorists.

An indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c)(1). Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged. *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004). In reviewing a claim of insufficiency, an indictment should be: (1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense. *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993).

The Indictment in this case alleges that defendant participated in a conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A and 18 U.S.C. § 956. Defendant does not explain how the Indictment in his case is insufficient to "permit the preparation of an adequate defense." (Def.'s Mot. 2 (citing *United States v. Dicesare*, 765 F. 2d 890, 897 (9th Cir. 1985))). Instead, defendant makes seventeen separate requests for material more appropriately suited to a motion to compel discovery. (Def.'s Mot. 4-5). Indeed, the questions themselves seem to belie defendant's claim that the Indictment has provided him insufficient evidence to prepare his defense: He seeks documents, testimony, and other evidence related to specific

points, all of which underscore a clear understanding of the charge itself.  The seven-page Indictment in this case exhaustively tracks the elements of the relevant statutes and provides sufficient detail to apprise defendant of the nature of the charges so as to enable him to prepare his defense and avoid double jeopardy.  The Motion should be denied.

> **B.     Because the Indictment Is Sufficiently Specific and Full Discovery Has, and Will Continue to Be, Provided, Defendant's Motion for a Bill of Particulars Should Be Denied.**

While the decision regarding the need for a bill of particulars in any given case rests with the sound discretion of the trial judge, motions for bills of particulars are seldom employed in modern federal practice.  They need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.  *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 1993).

Rule 7(f) provides the district court with the authority to order a bill of particulars.  Such a bill normally serves three functions: (1) to inform defendant of the nature of the charge against him; (2) to enable him to prepare for trial; and (3) to avoid double jeopardy.  *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citations omitted).  In examining whether a bill of particulars is warranted, a district court should determine whether the indictment and all other disclosures made by the government adequately advise defendant of the charges against him. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  Consequently, when the government provides full disclosures, through and in accordance with the rules governing discovery, there is no need for a bill of particulars.  *Id.*  Defendant has been provided an extensive amount of discovery in his case, and the Court has already ruled on his Motion to

Compel, denying the majority of his specific requests for discovery. (Sealed Op. and Order 8, ECF No. 125). While the government must ultimately disclose its theory of the prosecution, it should not be forced to spread its entire case before a defendant: The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved. *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981).

The government has been consistently forthright with defendant regarding its theory of the case and the material in discovery that supports its theory. Additionally, defendant has been provided with considerable discovery with which he can prepare his defense. The Court should not exercise its discretion to order a bill of particulars and should deny defendant's Motion.

Dated this 14th day of October 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


 *s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #99298
CHARLES F. GORDER, JR., OSB #91287
Assistant United States Attorneys
(503) 727-1000