Amy Baggio, OSB #01192
amy@baggiolaw.com
Baggio Law
621 SW Morrison, Suite 1025
Portland, OR 97205
Tel:   (503) 222-9830
Fax:   (503) 274-8575

John S. Ransom, OSB #742655
john@ransomblackman.com
Ransom Blackman LLP
1001 SW 5th Ave., Suite 1400
Portland, OR   97204
Tel:   (503) 228-0487
Fax:   (503) 227-5984

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cr-659-MO |
| Plaintiff, | |
| v. | REPLY TO RESPONSE TO MOTION IN *LIMINE* TO PRECLUDE FISA/FAA EMAIL |
| REAZ QADIR KHAN, | |
| Defendant. | |

The defendant, Reaz Qadir Khan, through counsel, hereby submits this Reply to the government's Response (CR-131) to the Defendant's Motion In *Limine* To Preclude Email Evidence Derived From FISA/FAA (hereafter Mot. *Limine*-Email (CR-115)). The

government filed an extremely limited Response which failed to respond to many of the arguments and issues raised in the defendant's Mot. *Limine*-Email, but which warrants a reply in three respects.

### A. The Motion Is Not Premature

In Mr. Khan's Reply (CR-144) to the Government's Response (CR-133) to Defendant's First Motion for Pretrial Determination Regarding Appropriate Jury Instructions: Defendant's Knowledge And Intent (CR-117) (hereafter Def.'s First Jury Instruction-Reply), the defendant set forth the applicable law regarding timeliness of pretrial motions. Def.'s First Jury Instruction-Reply, at 3 to 5. Mr. Khan incorporates those arguments by reference here. The Court can, under Fed. R. Crim. P. 12, rule on this legal matter now. The appropriateness of a pretrial ruling at this time is three-fold.

First, because the government appears to have used the same program for its collection or querying of emails (DWS/EDMS, *see* Memorandum In Support of Mot. Limine-Email at 6-7) and because the same evidentiary issues regarding authenticity and chain of custody apply equally to all of the emails collected/queried by the government, this is a complex question that can and should be resolved well in advance of trial and "without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

Second, the FISA/FAA emails contain the only evidence (disclosed to the defense) of communications between Mr. Khan and Ali Jaleel or his wives. Should the Court conclude that the emails are inadmissible because the government cannot establish the emails' authenticity or proper chain of custody underlying the messages, then the defense believes

that this finding would be dispositive. Thus, to proceed at this time with the legal challenge is not only permissible under Rule 12, but also in the interest of judicial economy.

Third, and finally, the Court issued the Amended Case Litigation Schedule setting forth a series of deadlines, including a first round of motions in *limine* to be filed at this juncture. (Amended Case Litigation Schedule, Round 3.M (CR-74). The complexity of the foundation, authentication, and chain of custody issues related to the FISA/FAA emails weighs toward an early disposition. Accordingly, the Court should proceed with litigation on the issue as currently scheduled.[1]

### B. To Ensure That The Defense Has Access To All Available Information In The Email Evidence, The Court Should Order The FISA/FAA Emails Be Produced In Native Formats As Electronically Stored Information[2]

Based on the government's arguments and exhibits in its Response, the Court should direct the government to produce to the defense all FISA/FAA emails in native formats as electronically stored information (ESI). Such an order is appropriate based on government representations and information in its Response.

#### 1. *Providing The Information As ESI Resolves Problems Related To Inconsistent Redactions*

Regarding inconsistent redactions, Mr. Khan offers two points in reply. First, the government explains inconsistent redactions as the result of "nothing more sinister than the

---

[1] The Court scheduled a hearing on this matter for November 10, 2014, at which time the defense plans to present the testimony of a computer forensic expert. If the Court believes that testimony will not take place on that date, either because the Court concludes the motion is premature or because the government needs additional time to respond to the substance of the motion, the defense requests adequate notice so that the defense may prevent an unnecessary trip for the expert to appear at the courthouse on November 10th.

[2] Mr. Khan frames this request for ESI as part of his Reply to the government's Response because the basis for the request lies within the government's Response. If the Court prefers Mr. Khan to file a separate motion for production of the emails as ESI, Mr. Khan will do so.

individual redactions having been made by different FBI personnel." Response at 3. "Case," "DWS Product," "Facility," and "Collection Authority" are important fields of information to the defense with regard to both case investigation and preparation of motions. Inconsistent personnel practices should not justify the inconsistent provision of important information to the defense.

Second, because the government intends to offer "clean" emails at trial (Response at 3), Mr. Khan should be provided with those clean emails now. The cleanest form of the message is the message in its electronic format as originally collected/queried by the government. Therefore, the Court should order the FISA/FAA emails be produced as ESI to avoid inconsistent redaction practices and to allow the defense to have "clean copies" presently needed to prepare the case for further motions litigation and for trial.

### 2. Providing The FISA/FAA Email Evidence As ESI May Resolve Problems Related To Missing IP Address Information

Regarding the Missing IP Address Metadata, the government states that "technical problems printing received metadata information from FBI systems could leave out IP address information…." Response at 4 & Gov't. Ex. 1. As explained by the defense computer expert in his declaration, analysis of metadata such as an Originating IP address is crucial information in determining the authenticity of an email message. Mot. *Limine*-Email, Ex. A, p. 3-4, paras. 14-16. The government should not be permitted to rely on "technical problems printing" to justify providing evidence to the defense in a way that risks omission of key information. This is particularly true when that electronic evidence – without the risk of omission – is already available to the government. *See also* Mot.

Limine-Email, Ex. A, pp. 4-5, paras. 18-21 (explaining need for information to be provided to the defense as original electronic documents in their native formats).

Relatedly, government Exhibit 1 to its Response, which it offered as an example of how it can correct the printing problem so as to reveal the IP Address, is even more significant than acknowledged in the Response itself. Response at 4, n. 1. As provided to the defense in discovery, this August 28, 2009, email message included four fields of metadata: From, To, Subject, and Date. Mot. *Limine*-Email Exhibit B.4 & B.6. The same message, reproduced by the government as Exhibit 1, now includes *seventeen additional* metadata fields. Response, Ex. 1, Page 1. Clearly, metadata beyond the IP Address was omitted from the defense copy in discovery. Clearly, the message with additional metadata is available to the government. Clearly, the same information should be available to the defense.

### 3. Providing The FISA/FAA Email Evidence As ESI Will Resolve Issues Related To "Weird" Characters

In defending the quality of its evidence against the defense objection that the characters within the messages are not accurate, the government offers Exhibit 2 to its Response. Unlike the way in which this message was produced to the defense in discovery (*see* Mot. *Limine*-Email, Ex. B.8), the message in Exhibit 2 no longer includes the host of incorrect characters throughout the message. Again, why should the defense be limited to inaccurate messages when the government has access to the messages without the same problems? This is another basis for the Court to order the government to produce all the email messages as ESI in their native format so that the defense has access to the same

evidence as the government, rather than to inaccurate, illegible, and incomplete copies as currently evidenced by this litigation.

### 4. *Production Of The Emails As ESI May Resolve Related Objections Without Court Involvement*

Lastly, upon receipt of the emails as ESI, some of the defense objections to the FISA/FAA emails may resolve. If the accurate messages do not have font ambiguity, illegibility, missing fields of information, or other related problems, Mr. Khan may withdraw some of his objections to the FISA/FAA emails. Accordingly, an order of production of all FISA/FAA emails as ESI is consistent with concerns for judicial economy.

## C. The Government Statement That Additional Emails Are In The Process Of Declassification Is Important

The government previously took the position during litigation in the Motion to Compel Discovery that it had produced all of the email messages. It now admits that some messages are missing and others are in the declassification process. Response at 4-5. Mr. Khan thereby renews his request for production of all his email messages.

Respectfully submitted on October 21, 2014.

                                                      /s/ Amy Baggio
                                                      Amy Baggio, OSB #01192
                                                      503-222-9830
                                                      Of Attorneys for Defendant Reaz Khan